IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY H. HUNTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0062-WS-M |
| | ) |
| MATHESON TRI-GAS, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This action was removed from state court on February 5, 2021, on the basis of diversity of citizenship. (Doc. 1). To meet their burden of showing by a preponderance of the evidence that the amount in controversy more likely than not exceeded the $75,0000 jurisdictional threshold,[1] the defendants relied on a demand letter dated January 28, 2021. (*Id*. at 2). The letter demanded $500,000 or policy limits. (Doc. 1-2 at 1). In support, the letter identified the plaintiff's lost wages as $111,551.95, representing the product of 155 days of missed work times the plaintiff's 2020 average daily income of $719.69. (*Id*.). The letter also described the left shoulder surgery the plaintiff underwent to address a partial rotator cuff tear, superior labrum anterior tear and posterior tear, which injuries medical opinion tied to the underlying incident. (*Id*.). Almost three hundred pages of supporting documentation were attached to the demand letter. (*Id*. at 4-284).

    Upon removal, the Court performed its routine *sua sponte* review of these and other materials and easily concluded that the amount in controversy at the moment of removal exceeded $75,000, exclusive of interest and costs. *See Jackson v. Select Portfolio Servicing, Inc*., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) ("[S]ettlement offers that provide specific information to support the

---

[1] *E.g., Roe v. Michelin North America, Inc*., 613 F.3d 1058, 1061 (11th Cir. 2010).

plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight" in evaluating the amount in controversy) (internal quotes omitted).

Now, on June 1, 2022, after litigating this case through discovery and the filing and briefing of dispositive motions, the plaintiff has filed a motion to remand. (Doc. 58). The basis of the motion is that, as of February 2, 2022, the plaintiff "is no longer making a claim for lost wages." (Doc. 58 at 4-5; Doc. 58-1). That fact is legally irrelevant. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Insurance Co.*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds, Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007); *accord PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016). The plaintiff admits his argument is based on post-removal changes to the amount in controversy. (Doc. 58 at 5 ("As of the date of the Joint Statement [April 8, 2022], the Demand Package is not an accurate reflection of Plaintiff's requested damages.")).

For the reasons set forth above, the plaintiff's motion to remand is **denied**

DONE and ORDERED this 2nd day of June, 2022.

                                                  s/ WILLIAM H. STEELE
                                                  UNITED STATES DISTRICT JUDGE