IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY H. HUNTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0062-WS-M |
| | ) |
| MATHESON TRI-GAS, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the defendants' motion for summary judgment. (Doc. 50). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 51, 56, 57),[1] and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted in part and denied in part.

## BACKGROUND

According to the complaint, (Doc. 1-1), supplemented by the parties' agreed facts, (Doc. 49), on the night of January 2, 2019, the plaintiff was driving a Toyota Tundra in the left lane of Interstate 10 in Mobile County. The individual defendant ("Dougherty") was driving a tractor-trailer combo in the right lane. As the plaintiff was traveling alongside the rig, a driver's side steer tire ("the Tire") experienced a blowout, and the rig entered the left lane of travel. The vehicles did not collide, but both came to rest in the median. The plaintiff suffered physical injuries, for which he seeks recovery in this lawsuit. The rig was owned by a non-party ("Penske") and was leased to another non-party ("Carbonic"). Dougherty

---

[1] The defendants' briefs do not comply with the format requirements of General Local Rule 5(a)(1)-(2).

was employed by Carbonic, which is a wholly owned subsidiary of the entity defendant ("Matheson").

The complaint asserts claims of negligence and wantonness against both Dougherty and Matheson. By agreement, however, the plaintiff "will not pursue any previously stated claims of wantonness against either Defendant." (Doc. 49 at 2).[2] The complaint alleges negligence in a myriad of ways, but the plaintiff has streamlined his allegations to the following: (1) that Dougherty, on or before the day of the blowout, negligently failed to discover and/or disclose a visible defect in the Tire and/or failed to have the Tire replaced; (2) that Dougherty, when the blowout occurred, allowed and/or failed to prevent the rig from leaving its lane of travel; (3) that Matheson is vicariously liable for Dougherty's negligence; and (4) that Matheson failed to establish and/or implement adequate policies, standards, and procedures regarding the inspection and maintenance of its vehicles. (*Id*. at 1-2).

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[3] The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving

---

[2] The parties appear to believe this filing effected a dismissal of the wantonness claims, but it did not. Dismissal by stipulation under Rule 41(a)(1)(A)(ii) applies only to dismissal of all claims against a defendant, not to a dismissal of only some claims. *Klay v. United Healthgroup, Inc*., 376 F.3d 1092, 1106 (11th Cir. 2004).

[3] The defendants cite the Alabama analog to Rule 56, and to state cases decided thereunder, (Doc. 51 at 8-9), but in this diversity action it is the federal rule that controls.

2

party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). "Therefore, the [non-movant's] version of the facts (to the extent supported by the record) controls, though that version can be supplemented by additional material cited by the [movants] and not in tension with the [non-movant's] version." *Rachel v. City of Mobile*, 112 F. Supp. 3d 1263, 1274 (S.D. Ala. 2015), *aff'd*, 633 Fed. Appx. 784 (11th Cir. 2016).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995); *accord Gennusa v. Canova*, 748 F.3d 1103, 1116 (11th Cir. 2014). The Court accordingly limits its review to those arguments the parties have expressly advanced.

"The elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Armstrong Business Services, Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001).[4]

The defendants argue that the plaintiff cannot establish that any negligence by them caused the blowout. (Doc. 51 at 14-15). In their "joint statement regarding plaintiff's claims and agreed facts," (Doc. 49), "[t]he parties … agreed to the following facts" for purposes of the instant motion, including: "There is no evidence on record regarding the specific cause of the blowout on January 2, 2019." (Doc. 49 at 3). The defendants construe this statement as meaning that the parties agree "there is no evidence whatsoever as to the cause of the blowout." (Doc. 51 at 14). The plaintiff in his brief does not address the joint statement or the defendant's construction of it; indeed, he does not address causation at all. The plaintiff has therefore acquiesced in the defendant's construction, which the Court adopts as both reasonable and agreed. Because the plaintiff has admitted there is no evidence that the blowout was caused by any negligence of either defendant, he has admitted he cannot establish an essential element of these claims, and the defendants are thus entitled to summary judgment as to them.

The defendants list a number of things they say Dougherty did right when the blowout occurred, including that he "let off the accelerator." (Doc. 51 at 6, 18). The plaintiff, however, offers two pieces of evidence that the standard of care in the event of a blowout is to accelerate. The first is an excerpt from a tractor-

---

[4] The parties agree that Alabama law governs the plaintiff's claims. (Doc. 51 at 9; Doc. 56 at 9-12).

trailer driver training manual issued by J. J. Keller & Associates, Inc., which states that, in the event of tire failure, the driver should "[a]ccelerate to overcome drag." (Doc. 56-5 at 3). The second is an instructor guide for motorcoach operators released by the Federal Motor Carrier Safety Administration, which states that, "[i]f you are having serious trouble controlling the coach with a steer tire blowout, accelerate slightly to try to stabilize the position and heading of the blown-out wheel." (Doc. 56-6 at 23).

The defendants complain that the plaintiff's materials do not "provide any insight as to the actual standard of care for a commercial driver under Dougherty's specific circumstances." (Doc. 57 at 10). The training manual does not identify any circumstances under which acceleration would be an inappropriate response to a blowout, and the only circumstance the instructor guide identifies is difficulty controlling the vehicle, which Dougherty admittedly was experiencing. The defendants' opaque objection furnishes no grounds for concluding that the plaintiff's evidence does not apply under Dougherty's "specific circumstances," whatever that might mean.

The defendants object that the plaintiff will be unable to present at trial any witness to testify to the appropriate standard of care. (Doc. 57 at 10-11). The defendants, however, have not attempted to show that Alabama law requires the plaintiff to produce such a witness.[5]

The defendants next argue that the Court should "rely instead on the opinions of the Defendants' industry standards expert." (Doc. 57 at 10). The Court cannot on motion for summary judgment pick and choose which admissible

---

[5] The defendants argue that the plaintiff's evidence does not establish that an "acceleration response to a blowout is a matter of common knowledge." (Doc. 57 at 9 (internal quotes omitted)). Common knowledge is an exception to the general Alabama rule that legal or medical malpractice must be established by expert testimony as to the standard of care. *E.g., Valentine v. Watters*, 896 So. 2d 385, 392-93 (Ala. 2004). The defendants, however, have cited no authority extending the requirement of expert testimony to a driver's conduct.

5

evidence to consider. The defendants having failed to show that the plaintiff's evidence is inadmissible or inconsequential, the Court on the instant motion must not only consider it but must accept it even in the face of contrary evidence from the defendants.

Finally, the defendants urge the Court to apply the "sudden emergency" doctrine. (Doc. 51 at 16-17). The defendants concede that it is rarely appropriate to employ this doctrine on motion for summary judgment, and they have not persuaded the Court that this is that rare case. Even were the Court to analyze the defendants' motion under that doctrine, it would not advance their position. A high-speed blowout is by its very nature a sudden emergency, and yet the plaintiff's evidence is that the standard of care in such an emergency is to accelerate. The defendants present no argument to the contrary.

Matheson's only argument regarding its *respondeat superior* liability is that, if Dougherty is entitled to summary judgment, Matheson is as well. (Doc. 51 at 19-20). Because Dougherty is not entitled to summary judgment on the plaintiff's claim that he negligently allowed his rig to leave the right lane or failed to prevent it from happening, Matheson is not entitled to summary judgment on the corresponding *respondeat superior* claim.

## CONCLUSION

For the reasons set forth above, the defendants' motion for summary judgment is **granted** with respect to the defendants' alleged negligence before the blowout and **denied** with respect to their alleged negligence after the blowout. The defendants' deemed motion for summary judgment as to the plaintiffs' wantonness claims is **granted by consent**.[6]

---

[6] In their reply brief, the defendants argue that certain evidence should be stricken. (Doc. 57 at 11-13). Because the Court has not relied on any of the evidence at issue, the request, construed as a motion to strike, is **denied as moot**.

DONE and ORDERED 13th day of June, 2022.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE